IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C  Atlanta

NOV 0 1 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | **06 CV 2651** |
| | COMPLAINT |
| BARBIZON SCHOOL OF MODELING OF ATLANTA, INC., d/b/a BARBIZON SCHOOL OF MODELING, | **RWS** |
| | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the bases of sex (pregnancy), and to provide appropriate relief to Ms. Sonja Adams, who was adversely affected by such practices. Ms. Adams was employed by Defendant, Barbizon School of Modeling of Atlanta, Inc., d/b/a Barbizon School of Modeling as the school director at its Macon, Georgia facility. Defendant discharged Ms. Adams because of her pregnancy and recent child birth in violation of Title VII.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Barbizon School of Modeling of Atlanta, Inc., d/b/a Barbizon School of Modeling ( the "Defendant") has continuously been doing business in the State of Georgia and the Cities of Atlanta and Macon and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of

Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Adams filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 15, 2005, Defendant has engaged in unlawful employment practices at its Atlanta and Macon, Georgia, facilities in violation of Section 706(f)(1) and (3) of Title VII. 28 U.S.C. § 2000e-5(f)(1) and (3), by discharging Ms. Adams because of her pregnancy and recent child birth in violation of Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Adams of equal employment opportunities and otherwise adversely affect her status as an employee because she chose to follow her religious beliefs.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally

protected rights of Ms. Adams.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women who are pregnant and/or have recently given birth, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Adams, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Moussa and/or front pay.

D. Order Defendant to make whole Ms. Adams by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Ms. Adams by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Ms. Adams punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

_Robert K. Dawkins by ARR_
Robert K. Dawkins
Regional Attorney
Michigan Bar No. P38289

S. Robert Royal
Senior Trial Attorney
Georgia Bar No. 617505

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905