Case 1:06-cv-02651-RWS   Document 4   Filed 11/15/06   Page 1 of 11

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 1 5 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : |
| | : 1:06-CV-2651-RWS-AJB |
| BARBIZON SCHOOL OF MODELING OF ATLANTA, INC., d/b/a BARBIZON SCHOOL OF MODELING, | : |
| Defendant. | : |

## CONSENT DECREE

This action was instituted on November 1, 2006, by the Equal Employment Opportunity Commission (hereinafter, the "Commission" or "EEOC") against the Defendant Barbizon School of Modeling of Atlanta, Inc., d/b/a Barbizon School of Modeling (hereinafter, the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. 1981a, to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

The Commission alleged in its Complaint that the Defendant acted unlawfully by discharging Sonja Adams (hereinafter "Adams") from her position of Director at its Macon, Georgia facility. In its Complaint, the Commission sought make whole

relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief. The Complaint has just recently been served on Defendant. The Answer is not yet due.

The parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation, and desire to formulate a plan to be embodied in a Consent Decree which will continue to promote and effectuate the purposes of Title VII. This Court has jurisdiction of the subject matter of this action and of the parties to this action.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## II. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III. NON-RETALIATION PROVISION

The Defendant shall not retaliate against any person because that person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this lawsuit, the underlying charge of discrimination, or the Consent Decree. The Defendant shall not retaliate or take any adverse action against Sonja Adams in the future because she filed a charge of discrimination against the Defendant or otherwise participated in the equal employment opportunity process.

## IV. INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Consent Decree, the Defendant shall certify, in writing, to the Commission that all supervisory personnel assigned to any one of its Georgia facilities have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of

the provisions of the Notice to be posted, and that the Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.

## V. TRAINING

During the term of this Consent Decree, the Defendant shall hold at least one training session to be attended by every employee (non-supervisory and supervisory employee) assigned to any one of its Georgia facilities on their rights and obligations arising under Title VII, including, but not limited to, the Defendant's obligations to comply with Title VII when making employment decisions.

The Defendant shall provide written certification to the Commission of the completion of this training within thirty (30) days after completion of the training. The certification notice shall include the name(s) and qualifications of the person(s) providing instruction and the names and job titles of the attendees.

All written notice and certification required by this Section V of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney (hereinafter the "Regional Attorney"), Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## VI. REPORTING REQUIREMENT

Every six months during the duration of this Consent Decree, the Defendant

shall certify in writing to the Regional Attorney whether any female employed at any one of its Georgia facilities has made a complaint to management, whether orally or in writing, that she was discriminated against by a Defendant employee or official because of her sex. If an employee has so complained, then the summary report shall state in writing the following:

(a) The date of the complaint,

(b) The nature of the complaint,

(c) The name and title of the Defendant official(s) who received the complaint,

(d) What action, if any, was taken by the Defendant in response to the complaint, and

(e) Whether the complaint was resolved by Defendant and, if so, a summary of the resolution.

The required report shall be addressed and forwarded to the Regional Attorney at the above-referenced address.

### VII. DISABILITY AND MATERNITY LEAVE POLICY AND PROCEDURES

To the extent Defendant provides short and/or long term leave to employees, Defendant agrees to implement and maintain leave policies and procedures that are in compliance with Title VII and that are to be applied consistently to pregnant and non-pregnant employees alike. These leave policies and procedures shall cover

employees at all of Defendant's Georgia facilities including its Atlanta and Macon, Georgia facilities. Defendant shall provide a copy of its leave policies and procedures, as well as certification of the non-discriminatory nature of said policies and procedures, to the Regional Attorney at the above-referenced address within forty-five (45) days of the entry of this Consent Decree.

## VIII. <u>NOTICES TO BE POSTED</u>

The Defendant shall post at each of its Georgia facilities the Notice attached hereto as Exhibit A for twenty-four (24) calendar months immediately following the Court's entry of this Consent Decree. The posting required by this paragraph shall be conspicuously made in the employee work area(s) at its Georgia facilities, so that each employee of the facility can observe at least one such posting when at the facility. The Defendant shall certify the completion of the posting within thirty (30) days from the entry of this Consent Decree. All written certification required by this Section VIII shall be addressed and forwarded to the Regional Attorney at the above-referenced address.

The Commission shall be allowed to enter upon the Defendant's Georgia facilities to confirm Defendant's compliance with this Section VIII of the Consent Decree. The Commission shall provide Defendant with 10 calendar days notice prior to its entry upon any such premise. Should the Notice become defaced, marred, or otherwise unreadable, the Defendant shall ensure that a new, readable copy of the

Notice is posted in the same manner as heretofore specified within five (5) business days after learning of the defacement, etc.

### IX. <u>CHARGING PARTY'S INDIVIDUAL RELIEF</u>

The Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall issue two checks made payable to Sonja Adams and/or her designated Attorney for the total amount of Forty Thousand Dollars on or before December 5, 2006. The checks will be forwarded to Ms. Adams' designated Attorney at 3464 Vineville Avenue, Macon, Georgia 31204. Within five (5) working days of issuing the check to Ms. Adams, the Defendant will mail a copy of the check to the Regional Attorney at the above-referenced address.

### X. <u>TERM OF DECREE - PERIOD OF JURISDICTION</u>

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration, and provided that all required reports and certifications are submitted prior to the expiration date of the Consent Decree. If the remedial benefits are not received or offered as agreed in the Consent Decree, or if the required reports are not submitted prior to of the expiration date of the Consent Decree, the duration of the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of enforcing this Consent Decree, for twenty-four (24) calendar months from the date of entry of this Consent Decree, unless the Court acts, or the Commission has, prior to the expiration of said twenty-four (24) month period, moved to enforce compliance with the Consent Decree. If the Court acts, or the Commission has moved to enforce compliance with this Consent Decree within this period, the Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved. At the expiration of the twenty-four (24) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, the EEOC shall file a motion to dismiss with prejudice under Fed. R. Civ. P. 41.

## XI. COMPLIANCE OFFICIAL

The Defendant has designated Michael R. Bartolacci, President, 3340 Peachtree Road, Atlanta, Georgia 30326, as the Defendant's Compliance Official who shall be responsible for the Defendant's compliance with the Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing the Defendants' compliance with the specific terms of the Consent.

## XII. **PROCEDURE FOR ENFORCING COMPLIANCE**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal consultation before seeking enforcement through the judicial process. The Commission will notify, by first class mail and facsimile, Defendant's Compliance Official if it has any reason to believe that any action or omission by the Defendant is in violation of the Consent Decree. The Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney, of the measures taken to cure the alleged deficiencies.

If upon receipt of the Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section XII, from being fully and completely resolved in the manner described in Section XII, even if the term of the Consent Decree expires

prior to the thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section XII.

## XIII.  OTHER ACTIONS

The Commission shall not commence or prosecute against the Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arose out of Ms. Adams' claims that she was discharged by the Defendant in violation of Title VII, as embodied in EEOC Charge Number 110-2006-00495, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against the Defendant in accordance with standard Commission procedures, and to commence civil actions pursuant to Section 706(f) of Title VII on any such charge. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs and attorneys' fees for this action. The parties hereto and the undersigned attorneys of record for the parties hereby, consent to the entry of the foregoing Consent Decree.

[signatures on next page]

BY CONSENT:

For Plaintiff:

*[signature]*

Robert K. Dawkins, Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818

For Defendant:

*[signature]*

Alycen A. Moss
Georgia Bar No. 002598
Cozen O'Connor
SunTrust Plaza
303 Peachtree Street N.E.
Suite 2200
Atlanta, Georgia 30308
Attorney for Defendant

*[signature]*

Paul J. Bartolacci, Owner
Barbizon School of Modeling of Atlanta, Inc.

APPROVED and SIGNED this 15th day of November, 2006.

*[signature]*
UNITED STATES DISTRICT COURT JUDGE